Nicole M. Harvey, Esq. (SBN 11147)
HARVEY LAW FIRM, PLLC
515 Court Street, Reno, NV 89501
Tel: (775) 359-2211   Fax: (775) 284-0468
Nicole@NicoleHarvey.com
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARIVAL CASTRO and CATHERINE JEAN RYCKELYNCK, registered domestic partners,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIED 1031 EXCHANGE d/b/a ALLIED FORECLOSURE SERVICES; KELLY RAE; LUCETHYL, LLC, a Nevada limited liability company; CHRISTINA SHOEMAKER; DOES I-X; ABC CORPORATIONS I – X; BLACK AND WHITE PARTNERSHIPS I – X.<br><br>Defendants.<br>_____/ | Case No. 3:13-cv-107<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

COMES NOW the Plaintiffs, MARIVAL CASTRO and CATHERINE JEAN RYCKELYNCK, by and through their counsel of record, undersigned, and for a Complaint against Defendants, allege and aver as follows:

**I.
PARTIES**

1. Plaintiffs MARIVAL CASTRO ("Ms. Castro") and CATHERINE JEAN RYCKELYNCK ("Ms. Ryckelynck") (collectively "Borrowers"), at all times relevant to this Complaint, reside in the City of Reno, County of Washoe, State of Nevada.

2. Defendant Allied 1031 Exchange d/b/a Allied Foreclosure Services ("Allied"), is a

Nevada corporation registered and doing business in Washoe County, State of Nevada.

3. Defendant Kelly Rae is an individual residing in Washoe County, State of Nevada.

4. Defendant Christine Shoemaker asserts a lien over the property at issue in this litigation, which is located in Washoe County, State of Nevada.

5. Defendant LUCETHYL, LLC is a Nevada limited liability company, authorized and doing business in Washoe County, Nevada.

## II.
## JURISDICTION AND VENUE

2. The jurisdiction of this court is invoked pursuant to the Truth in Lending Act, 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1337.

3. Jurisdiction of this court for the pendent claims is authorized by Fed. R. Civ. P. 18(a).

## III.
## STATEMENT OF FACTS

4. Defendants offered to sell the premises located at 879 Locust Street, Reno, Nevada 89502 to Plaintiffs for the amount of $100,000.00.

5. Defendants further offered to finance the real estate purchase for Plaintiffs.

6. Defendants agreed to perform work at the premises prior to the sale, including work to finish the basement of the house.

7. At the closing of the sale, Plaintiffs signed many documents related to the sale, but were never provided with the disclosures required by the Truth in Lending Act.

8. Prior to, and immediately following, the sale of the subject property by Defendants to Plaintiffs, Defendants directed and carried out a construction project in the basement of the premises.

9. Plaintiffs were never allowed to inspect the basement prior to the performance of the work, and were informed the basement was being "finished".

10. Upon information and belief, Defendants had full control over the work performed in the basement, were aware of the large cracks, and only covered the cracks with drywall without making any repairs.

11. After Defendants completed the work in the basement, and during the next rainstorm thereafter, Plaintiffs discovered very large cracks behind the drywall installed by Defendants on the basement walls that allowed large amounts of water to drain into the basement.

12. The deficiencies in work performed by Defendants in the basement proximately caused physical damage to the residence, and was not performed in a good and workmanlike manner, and which presents an unreasonable risk of injury to persons and property.

13. Despite having notified Defendants of the condition, Defendants have never repaired the basement.

14. On September 18, 2012, Defendants caused a Notice of Default to be recorded in Washoe County.

15. On February 12, 2013, Defendants recorded a Notice of Trustee's Sale of the subject property in Washoe County.

16. Defendants have noticed the sale of the property for March 6, 2013.

17. As of March 5, 2013, Defendants have not recorded any Certificate of Foreclosure, as required by Nevada law.

## IV.
## CLAIMS FOR RELIEF

### 1. Construction Defect

18. Paragraphs 1 - 17 are incorporated as though fully set forth herein.

19. Defendants, or their agents, actions and/or omissions resulted in a construction defect, and

20. The constructional defect caused damage to Plaintiffs.

## 2. Fraudulent Misrepresentation

21. Paragraphs 1 - 20 are incorporated as though fully set forth herein.

22. Defendants made false representations.

23. Defendants knew or believed their representations were false, or Defendants had an insufficient basis of information for making the representation.

24. Defendants intended to induce Plaintiff to act or to refrain from acting upon the misrepresentation.

25. Plaintiffs sustained damages as a result.

## 3. Violations of "Truth In Lending Act"
## 15 USC § 1635

26. Paragraphs 1 - 25 are incorporated as though fully set forth herein.

27. There was no disclosure statement issued in conjunction with this consumer credit transaction, which violates the requirements of Truth in Lending and Regulation Z in the following and other respects:

   a. By failing to provide the required disclosures prior to consummation of the transaction in violation of 15 U.S.C. § 1638(b) and Regulation Z § 226.17(b).

   b. By failing to make required disclosures clearly and conspicuously in writing in violation of 15 U.S.C. § 1632(a) and Regulation Z § 226.17(a).

   c. By failing to properly identify property subject to a security interest in violation of 15 U.S.C. § 1638(a)(9) and Regulation Z § 226.18(m).

   d. By failing to include in the finance charge certain charges imposed by defendant payable by plaintiff incident to the extension of credit as required by 15 U.S.C. § 1605 and Regulation Z § 226.4, thus improperly disclosing the finance charge in violation of 15 U.S.C. § 1638(a)(3) and Regulation Z § 226.18(d).

   e. By improperly including certain charges in the amount financed which are finance

charges, defendant improperly failed to disclose the amount financed in violation of 15 U.S.C. § 1638(a)(2) and Regulation Z § 226.18(b).

  f. By calculating the annual percentage rate (APR) based upon improperly calculated and disclosed finance charges and amount financed, 15 U.S.C. § 1606, Regulation Z § 226.22, the defendant understated the disclosed annual percentage rate in violation of 15 U.S.C. § 1638(a)(4) and Regulation Z § 226.18(c).

28. By reason of the aforesaid violations of the Act and Regulation Z, defendant is liable to plaintiff in the amount of twice the finance charge, actual damages to be established at trial, and attorneys fees and costs in accordance with 15 U.S.C. § 1640.

### 4. Violation of NRS Chapter 107

29. Paragraphs 1 - 28 are incorporated as though fully set forth herein.

30 NRS 107.086(2)(c) provides that a Trustee may not exercise the power of sale causes to be recorded with the county recorder a certificate provided to the Trustee by the Mediation Administrator.

31. As of March 5, 2013, no such certificate has been recorded with the Washoe County Recorder.

32. The Trustee may not exercise the power of sale as a result.

WHEREFORE, Plaintiff prays for judgment:

1. A trial on this matter before a jury;

2. Compensatory damages;

3. Punitive damages;

4. Statutory damages;

5. Attorney fees and costs of collection, and

6. Such other and further relief as the Court deems just and proper.

**AFFIRMATION PURSUANT TO NRS 239B.030**

The undersigned does hereby affirm that this document does not contain the Social Security Number of any person.

RESPECTFULLY SUBMITTED this 5th day of March, 2013.

Respectfully Submitted by:
HARVEY LAW FIRM, PLLC

       /s/ Nicole M. Harvey       
Nicole M. Harvey, Esq. (11147)
515 Court Street, Reno, NV 89501
Tel: 775.359.2211  Fax: 775.284.0468
Nicole@NicoleHarvey.com
